**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LEROY WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of the Social )<br>Security Administration, )<br>)<br>Defendant. ) | Case No.   CIV-06-1277-HE |

# FINDINGS & RECOMMENDATION
# OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423 of the Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED and REMANDED for further administrative proceedings**.

**PROCEDURAL HISTORY**

Plaintiff filed his application for DIB on October 16, 2002, alleging a disability since May 17, 2003 (TR. 45-48). The application was denied on initial consideration and on reconsideration at the administrative level (TR. 21, 22). Pursuant to the Plaintiff's request, a hearing *de novo* was held before an administrative law judge (ALJ) on February 7, 2006 (TR. 427-456). The Plaintiff appeared in person and with his attorney and offered his testimony in support of the application (TR. 195-218, 221). A vocational expert (VE) testified at the request of the ALJ (TR. 221, 222-227). The ALJ issued her decision on June 29, 2006 finding that Plaintiff was not entitled to DIB (TR. 13-19). The Appeals Council denied the Plaintiff's request for review on September 19, 2006, and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 5-7).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. *(citations omitted)*. Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *(citations omitted)*. In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. *(citations omitted)*. We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. *(citations omitted)*. If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. *(citations omitted)*.

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) *(citations omitted)*.

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability application the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520.  At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity for the relevant period so the process continued (TR. 15).  At step two, the ALJ concluded that the Plaintiff's diabetes mellitus and hypertension were severe impairments (TR. 15). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments which meet or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 16). At step four, the ALJ found that Plaintiff lacked the residual functional capacity (RFC) to perform his past relevant work (PRW) (TR. 17).

At the point that step five is reached, a disability preventing prior work activity has been shown and the burden shifts to the Commissioner to show that the claimant retains the ability to perform an alternative work activity which exists in the national economy. *Sorenson v. Bowen*, 888

F.2d 706, 710 (10th Cir. 1989); *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). The ALJ considered the Medical Vocational Rules as a framework for decision making and also considered the testimony of the VE in determining that the Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to DIB (TR. 18-19).

On appeal to this Court, Plaintiff argues that the ALJ erred at step three of the sequential evaluation process by not finding that Plaintiff met Listing 9.08 *Diabetes Mellitus*.

In January 2004, Plaintiff underwent a consultative examination performed by Christopher Lane, D.O., who found that Plaintiff had decreased strength in his lower extremities; that he had "decreased sensory neural deficit secondary to a peripheral neuropathy associated with diabetes"; and that his deep tendon reflexes were weakened by one-half in his lower extremities (TR. 119). Dr. Lane also found that dorsiflexion and dorsi-inversion of the lower extremities were weakened bilaterally; and that Plaintiff was unable to heel walk or toe walk (TR. 119). Dr. Lane's assessment was of diabetes mellitus type 2, uncontrolled (TR. 119).

At the hearing, Plaintiff testified that "numbness in my legs and feet come up to my knees from my diabetes and high blood pressure" (TR. 206). He also testified that he had problems with poor circulation in both legs; that he has dizzy spells when he loses consciousness; and that he stumbles when he walks because his balance is off (TR. 207, 210).

Plaintiff argues that he meets or equals the listing of impairments at Listing 9.08 *Diabetes Mellitus* [1] and also urges that the ALJ failed to perform a proper analysis at step three (See Plaintiff's Brief at pages 4-8). In particular, Plaintiff argues that he satisfies the requirements of 9.08A.

---

[1] 9.08 Diabetes mellitus. With:
   A. Neuropathy demonstrated by significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movements, or gait and station (see 11.00C)…
      11.00C. Persistent disorganization of motor function in the form of paresis or paralysis, tremor or other involuntary movements, ataxia and sensory disturbances (any or all of which may be due to cerebral, cerebellar, brain stem, spinal cord, or peripheral nerve dysfunction) which occur singly or in various combination, frequently

At step three of the sequential evaluation process, a claimant's impairment is compared to the Listings (20 C.F.R. Pt. 404, Subpt. P, App. 1). If the impairment is equal or medically equivalent to an impairment in the Listings, the claimant is presumed disabled. The ALJ must determine at step three whether a claimant's medical findings are equal in severity and duration to those listed. *Bernal v. Bowen*, 851 F.2d 297, 300 (10th Cir. 1988). Such medical findings include symptoms supplied by the Plaintiff, abnormalities which are shown by clinical diagnostic techniques, and laboratory findings. However, the claimant's own descriptions, standing alone, are not enough to establish a physical or mental impairment. 20 C.F.R. § 404.1528(a), *Bernal* at p. 300. A plaintiff has the burden of proving that a Listing has been equaled or met. *Bowen v. Yuckert*, 482 U.S. at 140-42 (1987); *Williams v. Bowen*, 844 F.2d at 750-51 (10th Cir. 1988). In her decision, the ALJ is "required to discuss the evidence and explain why he found that [the claimant] was not disabled at step three." *Clifton v. Chater*, 79 F.3d 1007, 1008 (10th Cir. 1996).

It is apparent from the ALJ's decision that she failed in her duty to discuss the evidence and explain why she found that Plaintiff was not disabled at step three. The ALJ offers only the following conclusory statement:

> The undersigned has considered the listings in general and specifically the listings for diabetes mellitus and cardiovascular listings. The evidence does not show the claimant has diabetic neuropathy, acidosis or a visual impairment of severity to meet the criteria for listing 9.08. He does not have end organ damage resulting from hypertension of severity to meet a cardiovascular listing.

(TR. 16). The ALJ's meager discussion of the evidence is wholly inadequate.

In *Clifton* the ALJ did not discuss the evidence or his reasons for determining that the claimant was not disabled at step three, or even identify the relevant listing. The ALJ merely stated a summary conclusion that the claimant's impairments did not meet or equal any listed impairment.

---

provides the sole or partial basis for decision in cases of neurological impairment. The assessment of impairment

In this case the ALJ failed to discuss why the elements of the appropriate listing were not met (TR. 16).  In short, the ALJ in this case made the same type of summary conclusion as the ALJ in *Clifton*.  In *Clifton*, the Tenth Circuit held that such a bare conclusion was beyond any meaningful judicial review.  *Clifton* at 1009.

In particular, the Tenth Circuit held as follows:

> Under the Social Security Act,
>
> > [t]he Commissioner of Social Security is directed to make findings of fact, and decisions as to the rights of any individual applying for a payment under this subchapter.  Any such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.
>
> 42 U.S.C. 405(b)(1). . . .
>
> This statutory requirement fits hand in glove with our standard of review.  By congressional design, as well as by administrative due process standards, this court should not properly engage in the task of weighing evidence in cases before the Social Security Administration.  42 U.S.C. 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). . . .  Rather, we review the [Commissioner's] decision only to determine whether his factual findings are supported by substantial evidence and whether she applied the correct legal standards. . .
>
> In the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion that [the claimant's] impairments did not meet or equal any Listed Impairment, and whether he applied the correct legal standards to arrive at that conclusion.  The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence. . . .  Rather, in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects. . . .  Therefore, the case must be remanded for the ALJ to set out his specific findings and his reasons for accepting or rejecting evidence at step three.

---

depends on the degree of interference with locomotion and/or interference with the use of fingers, hands, and arms.

*Clifton*, at 1009-10 (internal case citations omitted).

The undersigned wishes to make it clear, however, that he is in no way expressing an opinion as to whether Plaintiff actually meets or equals Listing 9.08. Rather, the undersigned is simply recommending that this case be remanded so that the ALJ can adequately discuss her conclusions in connection with Listing 9.08. Only then can this Court review the ALJ's decision in connection with the relevant listing.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is not supported by substantial evidence and should be **REVERSED and REMANDED for further administrative proceedings**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The undersigned further recommends that Plaintiff's motion to strike the response brief of Defendant (Document 14) be denied. The scheduling order (Document 11) entered herein is ambiguous and may reasonably be interpreted to establish a due date of 105 days from entry of the scheduling order. The intent was to establish due dates for both the Defendant's brief and the Plaintiff's reply brief which are triggered by the filing of Plaintiff's initial brief and Defendant's response brief.

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED on October 22, 2007.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE

Williams (R) F&R step3 9.08.doc